UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KAWANA JEFFER WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 24-3306 (UNA) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and her *pro se* complaint. The Court will grant the application and, for the reasons discussed below, dismiss the complaint without prejudice.

Plaintiff alleges "that the deployment and use of 5G technology . . . has led to increased risks of cancer and other health issues." Compl. at 6 (page numbers designated by CM/ECF). She faults the federal government for its alleged negligence, failure to put "adequate safety and privacy measures" in place, and the "lack of comprehensive federal regulations and oversight," thereby causing a public health crisis. *Id*. Plaintiff claims to "suffer[] from the effects of 5G radiation, including psychological distress, emotional abuse, and personal injury." *Id*. at 7. Among other relief, plaintiff demands an unspecified award of damages "for psychological distress, emotional abuse, personal injury, and other related harms[.]" *Id*.

It appears that plaintiff's claim, if such claim is viable, would proceed under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346, 2671-2680, which waives the United States' sovereign immunity "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 508 (D.C. Cir. 2009)

(quoting 28 U.S.C. § 1346(b)(1)).  Assuming that the FTCA applies in the circumstances of this case, the claim fails because plaintiff does not meet the threshold requirement that a "claimant shall have first presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).  This exhaustion requirement is jurisdictional, and absent any showing by plaintiff that she has exhausted her administrative remedies, the Court lacks jurisdiction over this matter. *See Abdurrahman v. Engstrom*, 168 F. App'x 445, 445-46 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993).

    An Order is issued separately.

DATE: February 20, 2025                                        RUDOLPH CONTRERAS
                                                                   United States District Judge